UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC CATLIN, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-3080 |
| WEXFORD HEALTH SOURCES, INC., et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

On September 28, 2016, Plaintiff filed a complaint and a motion for preliminary injunction, seeking immediate care for his skin condition, which has been diagnosed as prurigo nodularis. Shortly thereafter, Plaintiff was taken to an outside dermatologist, who prescribed some cream, ointment, and Doxepin. Plaintiff reported to the Court that these medicines were helping. He agreed to dismiss his case, subject to moving to reopen by June 1, 2017. Catlin v. Wexford Health Sources, Inc., 16-cv-3271 (C.D. Ill.)

On February 24, 2017, Plaintiff filed a motion for leave to file an amended complaint in case 16-cv-3271. The Court denied that

motion as untimely but opened this new case with Plaintiff's amended complaint.

Plaintiff appears to be seeking damages based on similar allegations in his prior case. He asserts that he is not seeking emergency relief, has now exhausted his administrative remedies, and seeks damages and an order directing that any future appointments with the dermatologist be honored. Plaintiff does, however, mention needing emergency relief for his worsening skin condition, but then the front page of his pleading states that "this complaint is for pain and suffering and should not be taken as an emergency." Accordingly, the Court will not construe Plaintiff's amended complaint as a motion for preliminary injunction.

Plaintiff's allegations state a plausible Eighth Amendment claim for past and possibly present deliberate indifference to his serious medical needs. Accordingly, this case will proceed for service pursuant to the standard procedures.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical

needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff

has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    7)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    8)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    9)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S.

Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: May 2, 2017

FOR THE COURT:

<u>    s/Sue E. Myerscough    </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE